Williams, C. J.
It was established on the trial, that before the commencement of the action, the plaintiff, as the executor of the last will and testament of Daniel Cloore, deceased, had filed in the probate court, an account called his final account, upon the settlement of which, that court found, that the plaintiff had faithfully executed his trust and paid over to the proper persons all moneys which had come to his hands, and ordered that he distribute, to the legatees and distributees entitled to receive them, all the uncollected assets of the estate, and, that he be discharged from his trust. He did not, however, make such distribution; and among the uncollected assets which so remained in his hands, was the note, executed by the defendants to the testator, upon which the action was founded.
The claim of the defendant on the trial, was that the order of the probate court discharging the plaintiff from his trust and directing the distribution of the uncollected assets, terminated his authority as executor, and consequently, he WAS without legal capacity to maintain the action. And it *549 is upon this ground, that the reversal of the judgments below is asked.
The modes in which the authority of executors and administrators may be terminated, as well as their powers and duties from the time of their appointment to the final completion of their trusts, are prescribed and regulated by statute; and so is the jurisdiction which the courts of probate have over them and their conduct, and in the settlement of their accounts. It becomes necessary, therefore, to examine some of the provisions of the statute, in order to determine the correctness of the proposition relied on by the plaintiff in error. Section 6015 of the Revised Statutes provides, that “ The court issuing letters testamentary or appointing an administrator, may, if it thinks fit, and upon good cause shown, receive the resignation of such exécutor or administrator, and appoint an administrator in his place.” It is provided by section 6017, that “ The probate court may at any time remove an executor or administrator,” for any of the various causes therein enumerated, “ and if there be no other executor or administrator to discharge the trust, the court may commit the administration of the estate not already administered to some other person or persons, in like manner as if the executor.or administrator so removed were dead.” Provision is made by sec. 6018, for the appointment of an' administrator with the will annexed, when a sole executor shall die without having fully administered the estate, and also, for the appointment of an administrator de bonis non, upon the happening of a like event to the administrator of an estate. Further provision is made, by section 6019, for the revocation of letters of administration, when, after they have been granted, a will is duly proved. (Section 6091.) And when an unmarried woman is an executrix or administratrix and marries, her authority is extinguished. (Section 6022.)
Unless the authority of the executor or administrator be terminated in some one of the ways pointed out in the foregoing provisions of the statute, it is his duty to continue the administration of the estate, until it shall be entirely settled. *550 It is one of the conditions of the executor’s bond, that he shall “ administer according to law and to the will of the testator, all of his goods, chattels, rights and credits.” (Section 5996.) One of the duties enjoined upon him is, to collect the assets within one year from the date of his bond, or such further time as the probate court may allow, not exceeding five years; but the office of the executor does not cease, “ with the time allowed by law or the court for the collection of the assets.” (Section 6067.) He is required to file and settle accounts of his administration, in the proper court, at the end of eighteen months from the date of his bond, and from time to time thereafter until the estate is fully administered. (Section 6175.) Full administration is accomplished, only when all the assets have been converted into money, the proceeds applied to the payment of the debts, and the balance, if any, distributed to the legatees, or other proper distributees, unless a. different disposition of specific property is made by the will. In the conversion of the assets into money, the executor is required to sell the personal property belonging to the estate, except promissory notes, and other rig'hts in action which can be collected. (Section 6074). Provision is made by which such choses in action as cannot be collected, may, under the order of the court, be compounded, or sold, or filed with the court for the benefit of the creditors or legatees who will sue for the same, the creditors having the preference if they apply before the final settlement' of the estate. (Section 6077.) And, if after the debts have all been paid, the executor still has in his hands uncollected notes or other rights in action belonging to the estate, he may, with the approval of the court and the assent and agreement of the persons entitled to their proceeds, distribute the same in kind, to such of the distributees as will receive them, in lieu of the proceeds. (Section 6189.)
The primary duty of the executor with respect to the choses in action, is to collect them; and he is relieved of that duty, only when he has otherwise disposed of them in one of the modes above mentioned. It is not shown by the *551 record, that the plaintiff below had disposed of the note sued oii by him, in either of those modes. He had not distributed it to any one entitled to its proceeds, nor had any distributee of the estate agreed to receive it; nor, had he sold it, of filed it with the probate court for the creditors or distributees. On the contrary, it appears, that he still retained the nóte; and his duty, therefore remained, so long as he continued to-be executor, to collect the .same by suit, or otherwise, and account for the proceeds. Any settlement made before that is done, whatever he, or the probate court may call it, is not his final settlement.
The only further inquiry, then, is whether' the plaintiff, at the commencement of the action, had ceased to be executor; and that, depends entirely upon the legal effect of the order of the probate court discharging him from the trust. Under our legislation, as we have already seen, an executor or administrator may be removed by the probate court, for cause, or he may resign his trust, with the consent oh the court. But we find no power conferred upon that court to discharge an executor or administrator from his trust, upon the settlement of what is called a final account, and thus extinguish his authority as trustee. Unless, therefore, the order of the probate court operated as a removal of the plaintiff from his trust, or as a resignation of it by him, his authority as executor continued, notwithstanding the order, and he might properly bring the action he’did. Obviously, the order had no such operation, and was not intended to have. It is based upon the finding that the plaintiff had faithfully discharged all his duties, and paid out all moneys which came to his hands; in other words, that he had fully administered the estate. A resignation, as well as a removal, implies that the trust is unfinished, that the administration is incomplete. Hence, the statute provides, that when either occurs, further administration may be granted as in the case of the death of the executor or administrator. This, doubtless would have been done, if what took place in the probate court, had been regarded as a resignation <$• removal of the plaintiff.
It is not contended that the proceeding in the probate *552 court, was under, or in conformity- with section 6190 of the Revised Statutes, which provides for perpetuating the evidence of distributions made by executors and administrators, by filing accounts of such distributions, with the vouchers taken, and having them allowed and recorded. The account filed by the plaintiff, was not of that description; nor, does the order of the court purport to be made with reference to such an account. Besides, it is well settled, that the only purpose of that section is to enable the executor or administrator to perpetuate the evidence of his payments, and make that evidence conclusive against those who signed the receipts, unless objected to by them, within the time limited by it. Negley v. Gard, 20 Ohio 310; Swearingen v. Morris, 14 Ohio St. 424.
The record of the probate court, which the defendant introduced in evidence on the .trial, fails to show, we think, either a resignation or removal of the plaintiff, or a termination otherwise, of his authority as executor.

Judgment affirmed.